FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 02 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE MAURICE MAYNARD MEYERS,

NOT FOR PRINT
OR ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
13-mc-572 (CBA)

------------------------------------------------------------X

AMON, Chief United States District Judge:

*Pro se* litigant Maurice Maynard Meyers[1] filed a series of documents with the Court between February 18, 2013 and July 29, 2013. Of the 28 submissions received by the Court, two are letters addressed to Magistrate Judge Lois Bloom, and the rest are captioned as civil complaints. Meyers did not submit the filing fee for any of these submissions, and only one of the documents was accompanied by a request to proceed *in forma pauperis*. The Court cannot accept new filings that are not accompanied by the proper filing fee or a request to proceed without the prepayment of fees. Moreover, each filing is hand-written and nearly illegible. As a result, the Court is unable to fully comprehend the nature of the claims and the relief sought. Should Meyers have a basis for filing a federal civil action, he must clarify the nature of his claims and submit a new complaint or complaints that conform with Rule 8 of the Federal Rules of Civil Procedure, accompanied by the filing fees or applications for *in forma pauperis* status.

Between 2009 and March 6, 2013, Meyers filed multiple prior submissions with the Court that were docketed as civil actions or habeas petitions. During this period, Meyers was at times hospitalized in different mental health institutions on both voluntary and involuntary bases. Some of his prior actions challenged his civil confinement in mental health facilities. See Meyers v. The Health and Hosp. Corp., 09 CV 1986 (CBA), slip op. (E.D.N.Y. April 13, 2011)

---

[1] Most of the instant submissions are captioned "Colonel Maurice Maynard Meyers." Most of the prior litigation is filed under "Meyers"; one complaint was docketed under "Maynard."

(dismissed for lack of subject matter jurisdiction), reconsideration denied, April 16, 2012; Meyers v. Williams, et al., 10 CV 620 (CBA), 2011 WL 721647 (E.D.N.Y. Feb. 22, 2011) (habeas corpus petition dismissed as moot), reconsideration denied, Aug. 19, 2011; Meyers v. New York Presbyterian Hosp., 10 CV 3819 (CBA), 2011 WL 3924871 (E.D.N.Y. Sept. 7, 2011) (dismissed for failure to prosecute); Meyers v. Koloony, 11 CV 2756 (CBA), slip op. (E.D.N.Y. Sept. 12, 2011) (habeas petition dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure or Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts); Meyers v. Health and Hosp. Corp., 12 CV 436 (CBA), slip op. (E.D.N.Y. Apr. 30, 2012) (habeas dismissed as moot), reconsideration denied, 2012 WL 3011031 (July 23, 2012); Meyers v. Health and Hosp. Corp., et al., 12 CV 4450 (CBA), slip op. (E.D.N.Y. Mar. 6, 2013) (habeas petition dismissed for failure to comply with Court's order to identify constitutional deprivation).

Other actions sought benefits from the Social Security Administration. See Meyers v. Social Sec. Admin., 09 CV 2701 (CBA), slip op. (E.D.N.Y. Oct. 30, 2009)(dismissed for lack of subject matter jurisdiction), reconsideration denied, August 19, 2010; Maynard v. Social Sec. Admin., 11 CV 6046 (CBA), 2012 WL 2319249 (E.D.N.Y. June 19, 2012) (dismissed without prejudice for failure to exhaust administrative remedies), reconsideration denied, Oct. 31, 2012 and July 11, 2013.

Meyers also has a pending Section 1983 suit. Meyers v. Health and Hosp. Corp., 13 CV 1258 (CBA) (LB) (E.D.N.Y.).

The instant submissions fail to conform with the dictates of Rule 8, as the Court is unable to determine the nature of the claim or the relief requested. Two of the documents appear to

2

relate to student loan default and collection practices. See Documents received Feb. 20, 2013 (dated Feb. 18, 2013) and July 5 (July 2).[2] Other submissions allege the loss of banking records and funds during the terrorist attacks on September 11, 2001. See Documents received on April 25, 2013 (dated April 23, 2013); May 7 (May 5) and May 15 (May 7). The bulk of the submissions include allegations related to mental health services, New York State laws, Meyers' commitment status and his ongoing disputes with family members. See Documents received on May 7, 2013 (dated April 25, 2013); May 7 (April 26); May 7 (April 30); May 10 (May 6); May 20 (May 15); May 17 (May 16); May 28 (May 24); June 5 (May 29); June 10 (June 6 and June 7); June 11 ("May 7" [sic]); June 11 (June 7); June 11 (June 8); June 12 ("May 7" [sic]); June 13 (June 11); July 1 (June 26) and July 1 (June 27). The remaining documents refer to other federal and New York State governmental entities and laws. See Documents received April 26, 2013 (dated April 24, 2013); May 7 (April 28); May 7, (April 29); May 7 (May 4); June 3 (May 29); July 1 (June 27) and July 3 (July 2).

Even if these documents had been properly filed, they would be dismissed for failure to comply with Rule 8. Should Meyers identify an issue that falls within this Court's subject matter jurisdiction and that is not already being litigated in his open case, 13 CV 1258 (CBA), he may file a new complaint that conforms with Rule 8.[3] Any new complaint must also be legible. He is reminded that to proceed, he must pay the filing fee or submit a request to proceed *in forma pauperis*.

---

[2] Each document is identified by the date it was received by the Court and, in parentheses, the handwritten date provided at the top of each submission.

[3] For Meyers' convenience, the Court has enclosed complaint instructions.

3

## CONCLUSION

Meyers' 28 recent submissions have been docketed under this miscellaneous docket number. They are not properly filed and they fail to establish a basis for this Court's jurisdiction or otherwise conform with the dictates of Rule 8. The Clerk of Court is directed to mark this docket number closed, without prejudice to properly filing additional lawsuits that conform with Rule 8 and properly invoke the Court's jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ USDJ Amon

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
October 2, 2013

4